THE BALTIMORE and HAVRE DE GRACE TURNPIKE COM-
PANY *vs*. BARNES.

APPEAL from *Harford* county court. The appellants brought an action of *assumpsit* against the appellee, on the 25th of January 1819. The defendant below pleaded, 1. *Non*

Under an act of the legislature incorporating a company, shares were to be subscribed for to be paid in five instalments; four of the instalments had become due more than three years before the suit was brought against the defendant, who was a subscriber, and who pleaded the statute of limitations. The last instalment of $20 was not barred. *Held*, that although the last instalment of $20 was not barred by the statute of limitations, yet as the county court had not jurisdiction of that sum, that court did not err in their direction to the jury, that the plaintiffs were barred of their right of action by the defendant's plea of the act of limitations.

1823.

Turnpike Co'y
vs
Barnes.

*assumpsit.* 2. *Non assumpsit infra tres annos;* and 3. *Actio non accrevit infra tres annos.* General replications and issues joined. At the trial the plaintiffs offered in evidence an act of the general assembly passed at December session 1813, *ch.* 167, entitled, "An act to incorporate a company to make a turnpike road from the city of *Baltimore to Havre de-Grace,*" which, amongst other things, authorised a subscription for 800 shares of stock at $25 per share, to be paid for by instalments of $5, on two months notice. They also offered in evidence a certain paper writing, purporting to be a subscription list of stock, taken and subscribed for on the 7th of March 1814, pursuant to the said act of assembly for making the said turnpike road, at *Bush* town, in *Harford* county, by the commissioners appointed for that purpose. And proved that the signature to the said paper writing, "*Hosier Barnes,*" and the words "*four shares,*" written thereto, were in the proper hand writing of the defendant. They further offered in evidence, that the several requisitions of the instalments of capital stock of the said company, set forth and stated in the declaration, viz. on the 26th of September 1814, 1st of June 1815, 4th September 1815, 20th December 1815, and on the 10th of March 1816, were made in the manner and form prescribed by the said act of incorporation; and that the president and managers of the said company gave two months public notice of the payment so required. The plaintiffs then prayed the opinion and direction of the court to the jury, that if the jury should believe that the time appointed for the payment of the *last instalment* on the said stock, so subscribed for, and required to be paid, as is set forth in the declaration, was within three years next before the impetration of the original writ of the plaintiffs, that they are not barred by the defendant's pleas of the statute of limitations, or by any of them, in their right of action, as to any portion of their said claim, but are entitled to recover for the whole subscription then due. The court, [*Hanson* and *Ward* A. J.] refused to give this direction to the jury; but were of opinion, and so directed the jury, that under the evidence before them the plaintiffs were barred in their right of action by the defendant's second and third pleas to the declaration. The plaintiffs excepted; and the verdict and judgment being for the defendant, they appealed to this court.

The cause was argued before BUCHANAN, MARTIN, and STEPHEN, J.

*Winder*, for the appellants. This is an action of *assumpsit* to enforce the payment of money subscribed to the company, under the *fifth* section of the act of 1813, ch. 167. The defendant subscribed for four shares at $25 per share, to be called for in four instalments at $5 each. The last call was made on the 10th of January, 1816, payable the 10th March, 1816, and the writ issued on the 25th of January, 1819, within three years before the time for payment of the last instalment, but not within three years as to the other instalments; and the act of limitations has been pleaded. The only question is, whether the plea of limitations applies to the case? By the 8th sect. of the act of 1813, ch. 167, the act of 1812, ch. 78, is referred to as giving the right to enforce payment, if the party subscribing refuses to pay. The defendant became answerable to pay the whole on failing to pay each instalment at the time of the last call, otherwise there would be a multiplicity of suits. The right of action only accrued on the last instalment. The plea must be true in toto, or not at all. In point of fact the defendant has not made out his pleas, because the limitation cannot bar the whole, as the last call is not barred. Here he has pleaded general pleas of *non assumpsit infra tres annos*, and *actio non accrevit infra tres annos*. The opinion of the court is erroneous, because they say the plaintiffs are not entitled to recover any thing.

*Magruder* and *R. Johnson*, for the appellee. Suppose three notes sued upon, and limitations pleaded, was is ever  heard that if two of the notes are barred, and one not, that the plaintiff would not be barred of his action as to the two notes? So in an action on open account, where some of the articles are more than three years standing, and limitations are pleaded—it will bar all the articles charged more than three years. Suppose a note for different instalments, on one becoming due the holder might sue for it, and the right of action then accrued. Here the right to sue arose at the time each instalment became due. An engagement to pay by instalments, entitles the party to sue, on each being due, in *assumpsit*, but not in debt. *Rudder vs. Price*, 1 H. Blk. 547. *Cooke vs. Whorwood*,

1823.

Turnpike Co'y
vs
Barnes

3 *Saund.* 337. *Gray vs. Pindar*, 2 *Bos. & Pull.* 427. *Chitty on Bills*, 414, and *note*. The plaintiffs, therefore, could have sued for each instalment as they respectively became due. The only doubt is, whether on the first instalment becoming due the plaintiffs might sue for the whole? Four of the instalments were of more than three years standing when the action was brought. Where a party agrees to pay a sum of money in portions, as it may be called for, when called for, the right of action accrues. Whether the opinion of the court below is wrong in part, is of no consequence, because if a verdict had been given for the $5 on each share of the last instalment, they could not sustain the action, the amount not being within the jurisdiction of the court. If the case is reversed, will it be sent back when it is seen the plaintiffs cannot succeed? The spirit of the act of 1790, *ch.* 42, does not embrace a case like this.

The opinion of the court was delivered by

MARTIN, J. This was an action brought to recover the price of four shares in *The Baltimore & Havre-de-Grace Turnpike Company*, amounting to $100; this sum was to be paid in five instalments of $20 each, four of those instalments were due before the 1st of January, 1816, the last on the 10th of March in the same year. The defendant relied on the statute of limitations, and the court instructed the jury, that from the evidence, the plaintiffs were barred of their right of action, by the pleas of the defendant.

The plaintiffs had a right to demand from the defendant, the amount of each instalment when it became due, and limitation attached at that time; they were then barred by the pleas of the defendant, as to the four first instalments, because more than three years had elapsed from the time they were demandable to the institution of the suit. The last instalment of $20 became due on the 10th of March, 1816, and the suit was commenced on the 25th of January, 1819, this being within three years before the suit, limitation did not bar it. Had the plaintiffs then a legal right of action to maintain this suit for the sum of $20? If they had a right of action, they were entitled to the judgment of the court, and to the fruits of that judgment.

By the act of 1809, *ch.* 74, it is declared, "that in all

cases where the real debt or damages shall not exceed the sum of $50, it shall and may be lawful for one justice of the peace, to try, hear, and determine, the matter in controversy between the parties;" and by the 6th section of the same law, "that the judges of the several county courts within this state, shall not hold plea in the said courts of any debt or damage, in cases within the jurisdiction given to justices of the peace by this act, which shall not exceed $50." The court then having no jurisdiction, unless the sum recovered amounted to above $50, a judgment could not have been rendered on a verdict for $20, and the plaintiffs would have been nonsuited.

It was contended, that although a judgment could not have been rendered on a verdict for $20, the court were wrong in directing the jury to find for the defendant, and for this error the judgment ought to be reversed, and the case sent back for a second trial.

By the act of 1790, ch. 42, the court are directed, where the judgment, on a bill of exceptions taken by the plaintiff, is reversed, to send the case back with a *procedendo.* This is evidently intended for the benefit of the plaintiff. But why reverse a judgment, and direct a *procedendo* in a case, where the plaintiffs, by their own showing, never can be benefitted? where they never can obtain the judgment of the court, but must suffer a nonsuit. Such a course of proceedings would be idle and nugatory, and cannot be sanctioned by this court.

JUDGMENT AFFIRMED.