R. D. MORRISON, SAMUEL SNOWDEN, and others, Receivers of the FRANKLIN LAND AND LOAN COMPANY OF BALTIMORE CITY *vs.* CHARLES E. SAVAGE.

*Effect of a discharge in Bankruptcy upon the Liability of the Bankrupt for a balance due by him upon his Subscription to the Capital stock of a Corporation.*

Section 5117 of the Revised Statutes of the United States provides that "no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or *while acting* in any fiduciary character, shall be discharged by any proceedings in bankruptcy." In an action against a discharged bankrupt to recover a balance due on a subscription to the stock of a corporation, it was HELD:

That there was nothing of a fiduciary relation or character created by the subscription more than exists in the ordinary relation of debtor and creditor; and certainly none that brought it within the meaning of the statute.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY, ROBINSON, IRVING and MAGRUDER, J.

*Samuel Snowden,* for the appellants.

*O. F. Bump,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

The appellants are receivers of the Franklin Land and Loan Company of Baltimore City, and they brought this

action against the appellee to recover a balance due on a
subscription to the stock of the corporation. The appel-
lee pleaded his discharge under the Bankrupt Law of the
United States, to which plea the appellants demurred.
The Court overruled the demurrer, and entered judgment
for the appellee.

The sole question presented is, whether the discharge
in bankruptcy operated as a discharge of the appellee
from liability for the amount due on the subscription of
stock for which suit is brought.

It is contended by the appellants that the unpaid sub-
scription to stock of a corporation is a trust fund in the
hands of the stockholder for the benefit of the creditors
of the corporation, and that, consequently, the stockholder
owes the debt in *a fiduciary character*, and therefore
he is not relieved from liability by his discharge in bank-
ruptcy.

Section 5117 of the Rev. Stats. U. S. provides that
"No debt created by the fraud or embezzlement of the
bankrupt, or by his defalcation as a public officer, or
*while acting* in any fiduciary character, shall be discharged
by proceedings in bankruptcy."

The terms of the section would seem to indicate quite
plainly that no such case as that of a simple indebtedness
on subscription to stock in a corporation could have been
contemplated by the framers of the law. But the matter
is entirely clear, upon settled principles and well recog-
nized distinctions.

It is certainly true that the capital stock of an ordinary
business corporation is a trust fund for the protection and
benefit of its creditors, or those who deal with it and give
credit on the faith of its capital stock. And it is equally
true, that neither the stockholders, nor their agents the
directors, can rightfully withhold any portion of the
stock from the reach of the creditors having lawful claims
against the corporation. And this trust fund consists not

only of the amount or percentage of the subscriptions to the stock actually paid in, but of all that may be due and owing, or that may be called in, either by the directors or through the agency of a Court of Justice. This is common and familiar doctrine, and is well and fully stated in the cases growing out of the failure of the Great Western Insurance Company, decided by the Supreme Court, and reported as the cases of *Upton vs. Tubilcock,* 91 *U. S.,* 45; *Sanger vs. Upton, Id.,* 56; and *Webster vs. Upton, Id.,* 65. But while such is the case in regard to the corporation, and the assets that make up its capital stock, it by no means follows that the subscribers to the stock are to be regarded as fiduciaries, any more than any other debtor into whose hands the assets, constituting part of the capital stock of the corporation, may happen to be found. So far as they may owe the corporation on the subscription for stock they are debtors of the corporation, and their obligation is a legal one, for the enforcement of which the ordinary remedies afforded by the law may be invoked, and the Statute of Limitations will become a bar to a recovery thereon, as upon other legal liabilities. *Turnpike Co. vs. Barnes,* 6 *H. & J.,* 57; *Hall vs. U. S. Ins. Co.,* 5 *Gill,* 484. There is nothing of a fiduciary relation or character created by the subscription, more than exists in the ordinary relation of debtor and creditor; and certainly none that brings it within the meaning of the statute.

There are cases, doubtless, when the creditors of the corporation may proceed in equity against the stockholders for unpaid subscriptions, but those cases do not proceed upon the ground that the stockholders are trustees, or that they have a fiduciary relation either to the corporation or to its creditors. In such cases the creditors of the corporation seek satisfaction out of the assets of the company to which the defendants are debtors. *Ogilvie vs. Knox Ins. Co.,* 23 *How.,* 380. As was said by the Supreme Court in *Hatch vs. Dana,* 101 *U. S.,* 205,

211, (the case of creditors of a corporation filing a bill against stockholders for unpaid subscriptions,) "a creditor's bill merely subrogates the creditor to the place of the debtor, and garnishes the debt due to the indebted corporation. It does not change the character of the debt attached or garnished."

Our attention has not been called to any decided case directly in point with the present; but there are several cases which, upon principle and analogy, would seem to be conclusive of the question involved, if, indeed, authority were needed.

In the Bankrupt Act of 1841, the exception from the operation of the discharge, embraced debts " created in consequence of a defalcation as a public officer, or as executor, administrator, guardian or trustee, or while acting in any other fiduciary capacity." This provision of the statute came under construction in *Chapman vs. Forsyth*, 2 *How.*, 202 ; and it was there held that a factor who had received the money of his principal was not a fiduciary, within the meaning of the exception ; and that the provision contemplated *technical trusts*, and not such as the law implies from the contract. And the same construction would appear to have been adopted by the Supreme Court, as applicable to the exception in the Act of 1867, from what was said in the case of *Neale vs. Clark*, 95 *U. S.*, 704.

In the case of *Cronan vs. Cotting*, 104 *Mass.*, 245, it was held that the exception in the Bankrupt Act of 1867, did not apply to one who received accepted bills of exchange for collection, with instruction to apply the proceeds, so far as required, to the payment of a debt due to the estate of which she was administratrix, and the balance to be returned to the plaintiff. And in the case of *Woolsey vs. Cade*, 54 *Ala.*, 378, it was held, that a debt due from a factor, for the proceeds of cotton sold by him for his principal, was barred by the defendant's discharge in

bankruptcy; the Court holding, as in the case of *Chapman vs. Forsyth*, that the terms of the Act of 1867, "while acting in any fiduciary character," relate only to cases of technical or express trusts, and not to those raised by implication merely. And to the same effect is the recent case of *Hennequin vs. Clews*, 77 *N. Y.*, 427. In that case the action was for the conversion of certain railroad bonds, delivered by the plaintiffs to the defendant, as collateral security for a letter of credit by the latter to the former upon a banking house in London. The defendant pleaded his discharge in bankruptcy ; and it was held that the debt was neither created by fraud, nor while acting in a fiduciary capacity, within the meaning of the Bankrupt Act of 1867.

Trust and confidence were reposed in all of these cases ; very much more special, indeed, than in the case of a subscription to the stock of a corporation; but, as has been well said, the Bankrupt Act would have had a very limited operation if the language of the exception had been construed to embrace cases of such general fiduciary incidents.

The judgment of the Court below must be affirmed.

*Judgment affirmed.*